[Civ. No. 1652.    Second Appellate District.—November 11, 1914.]

## A. J. HARTFIELD, Respondent, v. FRANK ALDERETE, Appellant.

APPEAL—ALTERNATIVE METHOD—NOTICE OF ENTRY OF JUDGMENT—FAILURE TO SERVE—WHEN APPEAL IN TIME.—It is the service of the notice of entry of judgment which starts the sixty-day period running within which an appeal must be taken under the alternative method, and not the fact that the opposing party may have had actual notice of the entry of judgment; and where such notice is not given an appeal taken within six months after the entry of judgment is within time.

ID.—NOTICE OF ENTRY OF JUDGMENT—WRITTEN NOTICE—SECTION 953A CODE CIVIL PROCEDURE.—The notice of entry of judgment contemplated by section 953a of the Code of Civil Procedure, while not so stated, must nevertheless, under section 1010 of the Code of Civil Procedure, be a written notice.

ID.—WAIVER OF NOTICE—RECORD MUST SHOW—STAY-BOND NOT EVIDENCE OF WAIVER OF NOTICE.—While a party entitled to such a written notice may waive the same, evidence of such waiver must appear from the record; and the fact that the appellant on an appeal under the alternative method has filed a stay-bond cannot be considered as evidence of a waiver of the written notice of the entry of judgment required by section 941b of the Code of Civil Procedure.

ID.—ALTERNATIVE METHOD—FAILURE TO GIVE WRITTEN NOTICE OF ENTRY OF JUDGMENT—NOTICE OF APPEAL AND REQUEST FOR TRANSCRIPT—WHEN WITHIN TIME—DISMISSAL.—In such a case, where no written notice of entry of judgment was given, an appeal will not be dismissed on the ground that the notice of intention to appeal and request for a transcript provided for by section 953a of the Code of Civil Procedure had not been given and made within ten days after the opposing party had actual notice of the entry of judgment.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County.    Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

J. Marion Wright, for Appellant.

L. E. Hardy, and S. C. Schaefer, for Respondent.

SHAW, J.—Plaintiff, who is respondent, moves to dismiss the appeal upon the ground that notice thereof and request for a transcript was not filed within ten days after notice to the defendant of the entry of judgment. The appeal was taken under the alternative method. No notice of the entry of judgment was served upon defendant. After the entry of judgment defendant, as shown by the certificate of the clerk, prior to taking any steps to appeal therefrom, filed a bond the purpose of which was to stay execution of the judgment; and respondent contends that actual notice of the entry of judgment must be deemed implied from the filing of such stay-bond. The judgment was entered on July 2, 1914, and the notice of appeal was filed July 27, 1914. Section 941b of the Code of Civil Procedure, provides that such notice of appeal "may be filed at any time after the rendition of the judgment, order or decree, but the same must be filed within sixty days after notice of entry of said judgment, order or decree has been served upon the attorneys of record appearing in said cause or proceeding, provided however, that if no notice of entry of judgment be given the notice must, nevertheless, be filed, under any circumstances, not later than six months after the entry of the judgment, order or decree." Since no notice of the entry of judgment was served upon the attorneys of record for the defendant, the sixty days within which the appeal must be taken, where such service is had, did not begin to run, and the appeal having been taken prior to the giving of such notice and within six months after the entry of judgment, it follows that the appeal was taken within the time prescribed therefor. It is the service of the notice which starts the sixty days to running, and not the fact that defendant may have had actual notice of the entry of judgment. In discussing a like question in the case of *Title Insurance & Trust Co.* v. *California Development Co.*, 168 Cal. 397, [143 Pac. 725], it is said: "But the sixty days for taking an appeal, under section 941b, runs from and after 'notice of entry . . . has been served upon the attorneys of record . . .' This implies, as is intimated in *Estate of Keating*, (158 Cal. 109, [110 Pac. 109]) 'that the notice contemplated is necessarily a notice in writing which may be served in the ordinary manner of serving a writing.' Parol evidence that a party knows a fact, or his written statement from which such knowledge may be inferred, is not equivalent to service upon him of written notice

of the fact." (See, also, *Foss* v. *Johnstone,* 158 Cal. 119, [110 Pac. 294] ; and *Huntington Park Improvement Co.* v. *Park Land Co.,* 165 Cal. 429, [132 Pac. 760].)

Section 953a of the Code of Civil Procedure, having reference to the preparation of a transcript of the evidence in lieu of a bill of exceptions, provides that the party adopting such method in bringing up the record shall file "with the clerk of the court from whose judgment, order or decree said appeal is taken, or to be taken, a notice stating that he desires or intends to appeal, or has appealed therefrom, and requesting that a transcript of the testimony offered or taken . . . be made up and prepared." "Said notice must be filed within ten days after notice of entry of the judgment, order or decree." One of the grounds urged by respondent for dismissal of the appeal is that this notice and request for transcript was not filed within ten days after notice to defendant of the entry of judgment; and although the appeal was taken in time it is insisted that the act of the clerk in preparing the transcript was unauthorized by reason of the fact that the request therefor was not made within ten days after defendant had actual notice of such entry. The notice of entry of the judgment contemplated by this section, while not so stated, must nevertheless, under section 1010 of the Code of Civil Procedure, be a written notice.* As stated, no written notice of entry of the judgment was at any time served. While a party entitled to written notice may waive the same, evidence of such waiver must appear from the record. (*Gardner* v. *Stare,* 135 Cal. 118, [67 Pac. 5] ; *Mallory* v. *See,* 129 Cal. 356, [61 Pac. 1123].) There is nothing in either the clerk's or the reporter's transcript, disclosing any fact tending to show that appellant had any notice of the entry of judgment. The fact that prior to taking the appeal defendant filed a stay-bond is evidenced by matter *de hors* the record. The bond was a mere loose sheet of paper, performed no function whatever, and hence the act of filing it was a nullity. It cannot, in our opinion, be considered as evidence of a waiver of the written notice of the entry of judgment to which defendant was entitled.

The motion to dismiss the appeal is denied.

Conrey, P. J., and James, J., concurred.

*For modification of this statement, see case same title, 20 Cal. App. Dec. 316, decided Feb. 19, 1915.