[Civ. No. 1652. Second Appellate District.—February 19, 1915.]

## A. J. HARTFIELD, Respondent, v. FRANK ALDERETE, Appellant.

APPEAL—MOTION TO DISMISS—DENIAL OF MOTION—LAW OF THE CASE.—An order denying a motion to dismiss an appeal which has become final is the law of the case on the points involved in the motion.

ID.—FAILURE TO GIVE NOTICE OF ENTRY OF JUDGMENT—WHEN WAIVER OF NOTICE NOT SHOWN.—An order denying a motion to dismiss an appeal, based upon the ground that notice of the appeal and request for a transcript was not filed within ten days after notice of entry of judgment, was properly made, where there was nothing in the record showing that any notice of entry of judgment was given, or waived, prior to the filing of the notice of appeal; and where a document upon which respondent relied as showing actual notice was a paper not capable of being considered as part of the record, the filing of the paper thereafter did not constitute a waiver of the notice of entry of judgment referred to in section 953a of the Code of Civil Procedure, although under the latter section actual notice *established by satisfactory evidence of record* will start the statute in motion without the service of the formal written notice of entry of judgment.

ACTION ON ACCOUNT STATED—AGREEMENT AS TO BALANCE—WHEN FINDINGS CONCLUSIVE.—In this action to recover a sum alleged to be due on an account stated it is held that the findings of the trial court upon conflicting evidence as to the agreement of the parties as to the correctness of the amount alleged to be due is conclusive on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

J. Marion Wright, for Appellant.

L. E. Hardy, and S. C. Schaefer, for Respondent.

CONREY, P. J.—A motion to dismiss the appeal in this case was denied by order of this court entered November 11, 1914, 25 Cal. App. 732, [145 Pac. 146]. Respondent now further insists that the appeal should have been dismissed and that this court has no jurisdiction other than to enter a dismissal.

The order of November 11, 1914, being now final, is the law of the case on the points involved in the motion. The motion to dismiss was based upon the ground that notice of appeal and request for a transcript was not filed within ten days after notice to the defendant of the entry of the judgment. We think that the order denying said motion to dismiss was correctly made, since there was nothing in the record showing that the defendant ever had notice of entry of judgment, or ever waived notice of entry of judgment by any act done by him prior to filing his notice of appeal. The document upon which respondent relied as showing actual notice was a paper not capable of being considered as part of the record, and the filing of that paper did not constitute a waiver of the notice of entry of judgment referred to in section 953a of the Code of Civil Procedure.

While the order denying the motion to dismiss was, therefore, a correct order in this case, the opinion of this court contained one statement which it seems should be modified. Referring to section 953a, we said: "The notice of entry of the judgment contemplated by this section, while not so stated must, nevertheless, under section 1010 of the Code of Civil Procedure, be a written notice." In *Estate of Keating,* 158 Cal. 109, at page 114, [110 Pac. 109, at page 111], the supreme court said concerning the same section, 953a: "The proposition that a written notice of the entry of the order is necessary to start running the time for filing the notice to the clerk by the appellant is not sustained, as we understand the authorities." The court then proceeds to a comparison between sections 953a and 941b and holds that, although the notice (of entry of judgment) under section 941b is intended to be necessarily a notice in writing, the words used in section 953a with reference to notice of entry of judgment are such, as to that

section, that "actual notice *established by satisfactory evidence of record* will start the statute in motion without the service of a formal written notice."

The plaintiff's action is brought to recover a sum due on an account stated. Plaintiff had judgment for the amount of his demand, and the defendant appeals therefrom. It is claimed by appellant that the evidence is insufficient to support the finding that there was an account stated between plaintiff and defendant. The plaintiff had made sales of merchandise from time to time to the defendant, and on that account defendant was indebted to the plaintiff, but they were not agreed as to the amount due. Whether, as claimed by appellant, the items or any of them were barred by the statute of limitations, is not material to the case presented. A short time before the commencement of this action a statement purporting to show the account and the balance due, was presented by the representative of plaintiff to the defendant. After some discussion, a correction was made and a new balance shown at the foot of the statement. At the bottom of the sheet the plaintiff's agent wrote as follows: "Nov. 10, 1913. This last above mentioned amount ($495.00) is hereby agreed to be correct; which said amount I will pay." This was signed, "Frank Alderete, by Annie Alderete." Plaintiff's agent testified at the trial that Frank Alderete assented to this statement and asked his daughter, Annie Alderete, to sign it for him, which she did in the presence of plaintiff's agent and the defendant. Frank Alderete and Annie Alderete both admitted that she made the signature at that time and that her father was present in the same room at that time. They denied that the defendant assented to the amount as correct, or that he requested his daughter to make the signature. As there was testimony directly to the contrary, in accordance with which the trial court made its finding, we must assume the facts in accordance with such finding.

The judgment is affirmed.

James, J., and Shaw, J., concurred.