[Civ. No. 59649. Second Dist., Div. Four. Aug. 19, 1981.]

Estate of DAVID L. SHORR, Deceased.
ROBERT D. BANNON, as Administrator With the Will Annexed, etc., Petitioner and Appellant, v.
MON HAR ENTERPRISES, Objector and Respondent.

COUNSEL

William E. Johnston, Lascher & Lascher, Lascher & Wilner and Wendy Cole Lascher for Petitioner and Appellant.

Marvin Gelfand and Barbara J. Bailey for Objector and Respondent.

OPINION

FILES, P. J.—This is an appeal by the administrator of the estate of Shorr from an order made by the probate court on February 6, 1980, denying the administrator's petition for a direction to withdraw from a sale of real property.

The material facts are not in dispute. On December 14, 1977, the probate court confirmed a sale of real property by the Shorr estate to Mon Har Enterprises (hereafter buyer). The decedent's widow appealed from that order, which was affirmed by Division Two of this court in an unpublished opinion filed October 17, 1979 (*Estate of Shorr*, 2 Civ. 55043). The remittitur was issued December 17, 1979.

On December 28, 1979, the administrator petitioned the probate court for an order directing him to withdraw from the sale and vacating the order confirming the sale, upon the ground that, due to the lapse of time, the terms of the sale were no longer fair and reasonable to the estate. The petition declared: "The income produced by the building is now substantially more than it was at the time of sale, and expenses of managing the building are now less, due primarily to a reduction in real property taxes."

The probate court denied that petition by its February 6, 1980, order, from which this appeal was taken.

A motion to dismiss this appeal on several grounds was denied by the Supreme Court on February 11, 1981. It is thus the law of the case that the February 6, 1980, order is appealable. (See *Pigeon Point Ranch, Inc. v. Perot* (1963) 59 Cal.2d 227, 230 [28 Cal.Rptr. 865, 379 P.2d 321].)

No authority has been cited for reexamining the sale price after the order confirming the sale has been affirmed on appeal. The authorities are to the contrary.

The adequacy of the price to be received by an estate from a sale of real property is determined by the probate court after a hearing pursuant to Probate Code section 785. That determination may not be set aside upon a showing made at a later time that a higher price could then be obtained. (See *Estate of Lewy* (1976) 61 Cal.App.3d 635, 641 [131 Cal.Rptr. 291].)

*Baldwin v. Stewart* (1933) 218 Cal. 364 [23 P.2d 283] was an action by an administrator for specific performance of a contract to sell real property. Before the sale had been confirmed by the probate court the buyer had given notice of withdrawal. Nevertheless, the probate court

confirmed the sale, and the buyer did not appeal from the confirmation order. In affirming the judgment of specific performance, the court said at page 368: "By requiring the court to inquire into the regularity and fairness of the sale; by making specific provision for the liability of the purchaser for a deficiency in the event of his default and a possible resale; and by giving the right of appeal from an order confirming sale, the legislature has evidenced a clear intent to make conclusive an order confirming sale which has become final."

In *Estate of West* (1912) 162 Cal. 352, 357 [122 P. 953], the Supreme Court, in explaining why an order of the probate court purporting to vacate an order confirming a sale of real property was appealable, said "If the original order directing a sale and conveyance to the appellant was valid the appellant [buyer] had acquired a vested right to a conveyance and the court could make no subsequent order which would defeat that right."

Counsel for the administrator cites two clauses in the contract of sale as justifying the present effort to escape the obligation incurred in 1977. These provisions are as follows: "A sixty (60) day escrow will be opened with [*sic*] five (5) business days of confirmation of sale by the court ...; the Estate will pay for the title policy, showing marketable title subject to covenants, conditions, ...

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"The undersigned [buyer] agrees that if for any reason whatsoever, title in the manner set forth above cannot be conveyed by the seller, then in that event, the seller shall have the right to withdraw from said escrow, and be released and relieved of all liabilities of any kind or character whatsoever, by reason of said inability to convey said title as set forth above."

The administrator has raised an issue here which was not raised in the widow's earlier appeal, that is, whether the widow's appeal from the 1977 confirmation order caused an inability to convey "title in the manner set forth above," within the meaning of the sale contract. The administrator does not contend that he is unable to convey "title in the manner set forth above" in the ordinary meaning of that language. The only obstacle to conveyance has been that the order confirming the sale did not become final until December 1979.

Even if we were to accept the administrator's present contention that the phrase "in the manner set forth above" means within the 60-day escrow period specified in the contract, and if time were deemed of the essence, the terms of the contract would not authorize the withdrawal.

The contract of sale, as well as the Probate Code, made the sale contingent upon an order of confirmation. The Legislature has specifically made such an order appealable. (Prob. Code, § 1240, subd. (g).) Since the order was subject to appellate review, it was not final until the appellate process had run its course. It follows that the time within which the escrow was to be opened and the conveyance executed did not commence to run until the appellate court issued its remittitur on December 17, 1979. Even under the administrator's current interpretation of the contract, he was not privileged to withdraw if he was in a position to convey within 60 days after the escrow was required to be opened. No one disputes that he was able to convey title at that time.

The record shows that an escrow was in fact opened in 1978, or earlier, and that both parties at that time construed the contract to be effective, subject only to an appellate court affirmance of the confirmation order.

The record contains a letter from the administrator to the buyer dated October 26, 1978, which concludes: "Demand is hereby made upon you that you perform all things on your part to be performed under said contract between us, as confirmed by the Los Angeles Superior Court; specifically that you complete payment of the purchase price through escrow in accordance with the terms of our contract."

The buyer's attorney replied by a letter dated November 2, 1978, stating that the buyer "has placed with the escrow company a check sufficient to cover all monies due from them to close this estate [*sic*]." The letter also suggests that the money be held by the estate in trust, or that the estate provide a bond or other adequate security to protect the buyer "in the unlikely event the appeal is successful."

This exchange of correspondence in 1978 has no relevance to this appeal except to demonstrate that in 1978 the parties construed the contract as effective, notwithstanding the delay in performance caused by the widow's appeal.

The probate court did not err in denying the administrator's motion to set aside the sale. The order is affirmed.

Kingsley, J., and Woods, J., concurred.

A petition for a rehearing was denied September 3, 1981, and appellant's petition for a hearing by the Supreme Court was denied October 14, 1981.