[No. B025087. Second Dist., Div. Seven. June 14, 1988.]

FREDA CHERNETT et al., Plaintiffs and Respondents, v. KENNETH B. JACQUES et al., Defendants and Appellants; KAISER FOUNDATION HOSPITALS et al., Defendants and Respondents.

**COUNSEL**

Hillsinger & Costanzo, Darrell A. Forgey, William A. Boeck and Heidi L. Pingel for Defendants and Appellants.

Thelen, Marrin, Johnson & Bridges, Curtis A. Cole and Susan A. Beytin for Defendants and Respondents.

No appearance for Plaintiffs and Respondents.

**OPINION**

**JOHNSON, J.**—Kenneth B. Jacques, M.D., and Lois D. Bower purport to appeal from an order sustaining a motion by Kaiser Foundation Hospitals,

et al. for determination of a good faith settlement with Freda and Milton Chernett. They assert the trial court abused its discretion when it refused to evaluate the settlement in light of the factors specified in *Tech-Bilt, Inc.* v. *Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 499 [213 Cal.Rptr. 256, 698 P.2d 159].

"[A] determination that a settlement has been made in good faith is an interlocutory decree. Although section 904.1 [Code Civ. Proc.] sets forth several specific instances in which an interlocutory judgment may be appealed, the good faith determination is not among them." (*Barth-Wittmore Ins.* v. *H. R. Murphy Enterprises, Inc.* (1985) 169 Cal.App.3d 124, 130 [214 Cal.Rptr. 894].)

Relying on *Pigeon Point Ranch, Inc.* v. *Perot* (1963) 59 Cal.2d 227, 231-232 [28 Cal.Rptr. 865, 379 P.2d 321] appellants assert this court's denial of respondents' motion to dismiss the appeal is a definitive determination of its appealability, thus this court is barred from dismissing this appeal by the doctrine of law of the case. This contention is meritless. Our initial denial of respondents' motion to dismiss does not evidence this court was able to consider and decide the merits of the dismissability issue in the context of an adequate record and full briefing of the issue. We only determined at that point and on the basis of the record and supporting arguments then before us that we were not yet in a position to grant the motion to dismiss. Thus the doctrine of law of the case is inapplicable here. Now with a full record and supporting arguments before us we have been able to fully consider the merits of the dismissability of this appeal and conclude we lack jurisdiction to hear the appeal since it is from an unappealable order.

Citing *Greshko* v. *County of Los Angeles* (1987) 194 Cal.App.3d 822, 827, footnote 1 [239 Cal.Rptr. 846], appellants further assert this matter is appealable as an intermediate ruling from the order of dismissal of their complaint for equitable indemnity, apportionment of damages, and declaratory relief. Appellants are correct the order would be reviewable had they appealed from the order of dismissal in that case (C608605), but they only appealed from the order sustaining the motion for determination of a good faith settlement and not from the order of dismissal of their complaint.

## DISPOSITION

The purported appeal is dismissed.

Lillie, P. J., and Reese, J.,* concurred.

A petition for a rehearing was denied July 12, 1988.

---

*Assigned by the Chairperson of the Judicial Council.