[No. D011742. Fourth Dist., Div. One. Jan. 14, 1991.]

In re CHRISTOPHER A., a Minor.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.

MANUEL A., Objector and Appellant.

COUNSEL

Joseph S. Carmellino, under appointment by the Court of Appeal, for Objector and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Susan Strom and Patricia L. Davis, Deputy County Counsel, for Petitioner and Respondent.

D. J. Fontilla, under appointment by the Court of Appeal, for Minor.

OPINION

NARES, J.—Following the February 2, 1990, trial at which appellant father Manuel A. was represented by counsel (the mother's default having previously been entered), the court declared Christopher A. free from parental custody and control, as had been petitioned for by respondent San Diego County Department of Social Services (DSS). On this appeal Manuel challenges the judgment, while Christopher and DSS support it and challenge instead the validity of Manuel's appeal. While we determine Manuel's appeal is properly before us, we reject his other arguments and affirm.

BACKGROUND

Christopher was declared a dependent child in 1987 after both parents were incarcerated. A petition to free Christopher from parental custody and control was filed April 5, 1989. It was thereafter continued because Manuel was in prison and the mother living in a motel in Fresno. The mother's

default was entered eventually. Although Manuel was paroled in October 1989, he thereafter failed urinalysis and was found in possession of and under the influence of drugs, and his parole was revoked. When notified of a December 15 hearing on the petition, Manuel refused to be transported to attend the hearing. Counsel was appointed for him, and trial on the matter had on February 2, 1990. Manuel again refused to appear personally, as his counsel informed the court, and the petition was granted. Seven days later Manuel wrote a letter to the court saying, "I want to file a [*sic*] appeal about that last hearing."

The parties now raise issues concerning the validity of the appeal, the adequacy of Manuel's representation by counsel, clerical error in the entry of judgment, and other matters. No challenge is made to the sufficiency of the evidence to support the judgment granting the petition. While determining the appeal is proper and the judgment does reflect clerical error which we order corrected, we resolve the other contentions adversely to Manuel, and thus affirm the judgment as modified.

DISCUSSION

I. VALIDITY OF THE APPEAL

Christopher's counsel filed a motion to dismiss the appeal, which was opposed by counsel for Manuel and denied by order of this court. Christopher's counsel, joined by counsel for respondent DSS, continues his challenge to the validity of the appeal notwithstanding denial of the motion to dismiss. Manuel's counsel, on the other hand, now argues our prior order denying the motion to dismiss constitutes the law of the case, and therefore we no longer have discretion to consider the motion to dismiss on its merits. We disagree with both sides.

*A. Law of the Case*

 Relying on 9 Witkin, California Procedure (3d ed. 1985) Appeal, section 747, pages 714-715, Manuel's counsel asserts this court's prior denial of Christopher's motion to dismiss constitutes "law of the case," that is, a prior statement of a rule of law necessary to the earlier decision by this court on the appeal, to which we must now adhere, absent injustice or a change in substantive law. Because the question is a recurring one (*see*, e.g., *Rankin* v. *Curtis* (1986) 183 Cal.App.3d 939, 941, fn. 1 [228 Cal.Rptr. 753]), it is useful to examine it in some detail. If this court's earlier denial of the motion is the law of the case, we ought not now even consider the question of the validity of the appeal, but treat it as settled. For

the following reasons, we conclude according such effect to our denial of the motion does not (and indeed cannot) correctly reflect governing law.

### 1. The Pigeon Point Problem

The cited Witkin commentary discusses the leading case of *Pigeon Point Ranch, Inc.* v. *Perot* (1963) 59 Cal.2d 227 [28 Cal.Rptr. 865, 379 P.2d 321]. There, defendants' motion to dismiss had been denied without written opinion by the District Court of Appeal, which thereafter decided the cause. The Supreme Court granted a hearing, and defendants continued to attack the validity of the appeal, asserting the earlier denial of the motion to dismiss was not the law of the case "because the denial of their motion by the District Court of Appeal was without written opinion, [and] was rendered before transmittal of the record . . . ." (*Id.* at p. 231.) For these reasons the defendants argued the ruling on the motion to dismiss "should be treated as merely interlocutory in view of the circumstances under which it was made." (*Ibid.*)

This argument has a sound basis in current interpretation of appellate actions in extraordinary proceedings. Decisions on the merits, by written opinions in such proceedings, are to be considered binding under the law of the case doctrine (*Price* v. *Civil Service Com.* (1980) 26 Cal.3d 257, 267, fn. 5 [161 Cal.Rptr. 475, 604 P.2d 1365]), while "an appellate court's action denying without opinion a petition for a writ . . . is not the determination of a 'cause' " (*People* v. *Medina* (1972) 6 Cal.3d 484, 490 [99 Cal.Rptr. 630, 492 P.2d 686]) and thus would not constitute law of the case. If "minute order denials . . . in the absence of the parties" (*ibid.*) are not conclusive, no logical reason appears to treat denial of a *motion* otherwise.

Logic, however, does not govern. ▪ While the word "denied" is not considered an opinion on the merits in other areas, in the case of a motion to dismiss where the appellate court "was presented with only one question, namely, appealability of the judgment, . . . in the interests of orderly administration of justice, the denial of the motion, made without qualification, should be interpreted as a final determination." (*Pigeon Point Ranch, Inc.* v. *Perot, supra,* 59 Cal.2d at pp. 231-232.) This holding, giving substantive and conclusive effect to a one-word order denying a motion to dismiss, has quite often (as in this case) engendered extensive exploration of collateral matters, to the detriment of analysis of substantive legal issues. In this respect, we believe *Pigeon Point* has more often disrupted than promoted the "orderly administration of justice."

### 2. The "Sole Possible Ground" Question

▪ An appellate court's denial *without opinion* of a petition for a writ normally is not conclusive, and does not constitute law of the case, unless

the only possible basis for the denial was on the merits. (*People* v. *Medina, supra*, 6 Cal.3d at p. 491, fn. 6.) The very idea of "law of the case" refers to an appellate court's statement *in an opinion* of a necessary rule of law. (*Id.* at fn. 7.) ██ However inconsistently, the doctrine is recognized as applicable "to a minute order denial of a motion to dismiss an appeal when the sole question presented by the motion was the appealability of the judgment. (*Pigeon Point Ranch, Inc.* v. *Perot* (1963) 59 Cal.2d 227, 231 [28 Cal.Rptr. 865, 379 P.2d 321].)" (*Ibid.*)

Clearly, it is the absence of any alternative basis for an order of dismissal, and that alone, which can permit an implication the adjudication was on the merits. Confronted by the *Pigeon Point* holding that its prior denial of a motion to dismiss was definitive, another Court of Appeal recently and clearly stated the normal meaning implicit in such an order. In *Chernett* v. *Jacques* (1988) 202 Cal.App.3d 69, 71 [248 Cal.Rptr. 63], the court held:

"This contention is meritless. Our initial denial of respondents' motion to dismiss does not evidence this court was able to consider and decide the merits of the dismissability issue in the context of an adequate record . . . . We only determined at that point and on the basis of the record and supporting arguments then before us that we were not yet in a position to grant the motion to dismiss. Thus the doctrine of law of the case is inapplicable here."

The *Chernett* holding is an admirably forthright one: the facts of appellate life are that motions made before the record is available will often be denied as an interlocutory matter, with no necessary implication as to the court's views on the merits. In fact, the denial of the motion by the court of appeal in *Pigeon Point* was made prior to transmittal of the record (*Pigeon Point Ranch, Inc.* v. *Perot, supra*, 59 Cal.2d at p. 231), and the Supreme Court's later interpretation of that denial as having only one possible basis may not have been factually accurate. Thus the *Pigeon Point* rule impedes the orderly administration of justice, is incompatible with interpretation of court action in related proceedings, was deemed "meritless" in *Chernett*, and possibly was not even based on the facts of that very case.

### 3. Resolution

However much we might prefer the clearly correct rule of *Chernett* to that enunciated in *Pigeon Point*, or feel *Pigeon Point* does not accurately represent the current views of the Supreme Court on the question of law of the case, nonetheless we would be constrained to follow that rule on the same facts, as an intermediate appellate court which is bound by Supreme Court precedent. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d

450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) If the prior denial of the motion to dismiss herein were a "decision" of this court, as discussed in *Pigeon Point*, we would be bound by it under that rule.

In *Pigeon Point*, the order denying the motion to dismiss was signed by three judges.[1] In this case, however, the order denying the motion was not made by a *panel* of this court, but rather by the presiding justice acting alone. ■ A fundamental principle is that any determination of the merits of a cause by this court that is to bind the parties *must* have the agreement of two justices (Cal. Const., art. VI, § 3) which was not done here. ■ For this reason, if for no other, the rule of *Pigeon Point* is not applicable, the order denying dismissal hereinbefore entered cannot constitute the law of the case, and Manuel's contentions to the contrary are rejected.

### B. Validity of the Notice of Appeal

■ Although we have determined we may properly consider the motion to dismiss on its merits, plenary consideration gives it no more merit than when made in the first instance. California Rules of Court, rule 1(a), plainly states "[a] notice of appeal shall be liberally construed in favor of its sufficiency." This has even been interpreted to include treating an appeal from juvenile jurisdictional findings, which are not judgments, as an appeal from the order made on disposition, which is a judgment. (*In re Tracy Z.* (1987) 195 Cal.App.3d 107, 112 [240 Cal.Rptr. 445].)

No case has been cited (and none exists) standing for the proposition a letter as clear and intelligible as that herein, timely filed, is somehow ineffective as a notice of appeal.[2] The appeal is clearly valid. Just as was the case with the motion to dismiss, however, the merits of this valid appeal are another matter entirely.

### II. ADEQUACY OF THE FATHER'S REPRESENTATION

■ Citing the Code of Civil Procedure, Manuel argues that entry of default against him at the February 2 hearing was not proper as he was

---

[1] We have taken judicial notice of the record in the original case of *Pigeon Point Ranch* v. *Perot* (L.A.No. 17012 [2 Civ. No. 25656].) (Evid. Code, §§ 452, subd. (d)(1), and 459; *People* v. *Kelly* (1976) 17 Cal.3d 24, 35 [130 Cal.Rptr. 144, 549 P.2d 1240].) The record also shows the motion to dismiss was opposed (1) on the merits and (2) as premature, and the court's denial of the motion was thus not necessarily based on the "one question" of appealability.

[2] Most of the legal argument in this case was directed at this issue. Considering the authorities on construction of a notice of appeal (particularly one filed by a prisoner), we do not understand why counsel for the minor and DSS made such a considerable effort for such an unattainable objective.

there represented by counsel. But this court held in *In re Angela R.* (1989) 212 Cal.App.3d 257, 273 [260 Cal.Rptr. 612], that:

"[T]he default provisions of Code of Civil Procedure section 585 et seq. apply specifically to 'actions.' A proceeding for freedom from parental control and custody is not an 'action' but rather a 'special proceeding' created by statute. [Citations.] Special proceedings are not subject to the provisions of the Code of Civil Procedure relating to the trial of civil actions except where—unlike here—such provisions are specifically made applicable. [Citation.]"

■ In any event, on this record we are satisfied entry of Manuel's default meant no more than the judge's correct recognition of the fact Manuel had notice of the hearing, but had determined he did not wish to attend. Although in these circumstances there was no need for counsel to have been appointed for Manuel (*In re Angela R., supra,* 212 Cal.App.3d at pp. 274-276), counsel who nonetheless had been appointed was allowed to proceed on his behalf notwithstanding entry of Manuel's default as to personal appearance. This was not error.

■ Manuel also criticizes counsel who represented him at the hearing on other grounds, including an asserted conflict because counsel "specially" appeared for Christopher's counsel, and error in stipulating to admission of certain evidence. We need not explore these contentions at length. Manuel's counsel took no action which could be construed as representing Christopher, and a passing mention of "specially" appearing for other counsel does not rise to a genuine conflict in these circumstances. Similarly, given the admissibility of social studies and other materials already established by decisions of this court (*In re Jose M.* (1988) 206 Cal.App.3d 1098, 1104-1106 [254 Cal.Rptr. 364]) and more recently by our Supreme Court (*In re Malinda S.* (1990) 51 Cal.3d 368, 375-385 [272 Cal.Rptr. 787, 795 P.2d 1244]), reasonably competent counsel need not have objected to admitting such materials.

Here, the trial judge determined freedom from parental custody and control was in the best interests of Christopher, and Manuel had been offered reasonable reunification services. Whatever Manuel's other efforts toward fulfilling the reunification plan might have been, a fundamental first step entailed remaining out of prison. Violation of his parole while the freedom from custody proceedings were ongoing abundantly supports an implied determination there was no reasonable likelihood Manuel would successfully complete a reunification plan. On this record, no asserted deficiencies in Manuel's representation could in any event have materially affected the trial judge's determination of the issues.

Had Manuel desired to urge other matters to the court he could have done so. He chose not to attend the hearing because he feared loss of "good time" credits while away from prison. That is, if he were away from prison six days, he might lose two days' credit on his sentence. (Pen. Code, § 2931.) Having had insufficient concern for his son to refrain from violating parole, Manuel then determined his interest in maximizing sentence credits outweighed his desire to appear at the hearing in which his son's future would be determined. This decision, rather than inadequacy of counsel, is more properly responsible for any perceived lack of merit, whether at trial or on appeal, in Manuel's assertions of concern for Christopher's welfare.

## III. OTHER MATTERS

Penal Code section 2625, providing for removal of a prisoner so that he may attend a proceeding involving his parental rights, states that while removed he remains in the constructive custody of the warden. The father now requests we interpret that language to assure him receipt of "good time" credits even while away from the prison at a hearing. As no such request was made of the trial court herein, we decline the invitation to issue an advisory opinion on the matter.

Finally, Manuel correctly notes (and Christopher concedes) the judgment entered specifies four bases, one of which was dismissed at the hearing. This clerical error should be corrected.

## DISPOSITION

The judgment entered February 13, 1990, is modified by striking therefrom references to subsection "(a)(1)" on page 2 thereof, and is otherwise affirmed. The trial court is directed to prepare and file an amended abstract of judgment to reflect this modification.

Todd, Acting P. J., and Benke, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 28, 1991.