* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Facts and part B. of the Discussion.
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 431 
OPINION
In this juvenile dependency proceeding (Welf. Inst. Code, §300),[1] the four children of appellant, Christine W., were placed in foster care. On appeal from the jurisdictional finding that the children were dependent children, appellant claims procedural error and insufficiency of the evidence. We affirm the juvenile court's order.
 PROCEDURAL HISTORY
On January 9, 1995, the City and County of San Francisco Department of Social Services (DSS) petitioned to have the four minor children of Edward W. and Christine W. declared dependent children. At the detention hearing held on January 10, 1995, counsel was appointed for each parent and for the minors. Edward W., the father, appeared personally and with counsel, but Christine W., the mother, was not present although her attorney was.
The case was set for January 31, 1995, for a "J-1" hearing. On January 31 both parents, through counsel, denied the allegations of the petition, and the matter was continued to March 8 for a settlement conference on jurisdictional and dispositional issues. The juvenile court referee ordered the parents to appear. On March 8 the matter was again continued to March 28 for a settlement conference.
On March 28 the settlement conference was held. Neither parent personally appeared, but both were represented by counsel. The father's attorney asked that the "appropriate orders" be entered but stayed, as counsel believed the father intended to appear. The request was denied. The mother's attorney stated he did not know where his client was. The juvenile court *Page 432 
referee found that both parents had wilfully failed to appear and entered both parents' default. The referee then proceeded to adjudicate the petition.
Based upon the social worker's report and the information presented at the detention hearing, the referee made jurisdictional findings that the allegations of the petition were true and that the minors are persons described by section 300
The referee then proceeded immediately to disposition and ordered the minors placed in foster care. The court ordered various conditions for reunification and set the matter for six-month and twelve-month reviews.
The father subsequently moved to set aside the default judgment, asserting that he had run out of gas on his way to the courtroom. The motion was denied.
Only the mother, Christine W., has appealed. During the pendency of the appeal we were informed by appellant's counsel that on January 11, 1996, at a hearing on the mother's petition for modification of custody, physical custody of the children was granted to appellant, their mother, who now resides in Massachusetts. Jurisdiction was continued, and the conditions for reunification previously imposed were deemed conditions for dismissal. In light of this change, appellant has withdrawn her challenges to the dispositional order. She challenges only the jurisdictional order.
 FACTS*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 DISCUSSION A. Lack of Notice and Hearing (1) Appellant objects to the procedure employed below in that the juvenile court referee (1) made jurisdictional findings on March 28 when the event scheduled for that date was only a settlement conference and (2) failed to conduct a full jurisdictional hearing but simply accepted and made findings from the social worker's report. We are inclined to agree that the procedure was flawed, but we find the procedural error harmless beyond a reasonable doubt. *Page 433 
It is apparent from the record that the juvenile court proceeded as it did because both parents were deemed to be "in default."[2] Although we have serious reservations about the entry of "default" in these circumstances,[3] appellant has failed to demonstrate what prejudice she suffered. Appellant was represented by counsel, who was present at the hearing. Counsel asked for clarification of certain findings and certain reunification services, but he voiced no objection to the summary adjudication and made no assertion that he was taken by surprise or needed more time to proceed to a full hearing. Nor did appellant seek relief from her "default" in the court below. On appeal appellant has given no indication of what evidence she might have presented had she known the jurisdictional hearing would be held. At the detention hearing, held two months earlier, counsel for appellant informed the court that appellant was "not . . . in a position to seek custody. . . ." The social worker's report submitted for the settlement conference similarly indicated that appellant was homeless and unable to provide adequate housing. The juvenile court may properly rely upon a social worker's report to support a jurisdictional finding under section 300 as long as the opportunity *Page 434 
to cross-examine the social worker is provided. (In re MalindaS. (1990) 51 Cal.3d 368, 382 [272 Cal.Rptr. 787,795 P.2d 1244]; In re Dirk S. (1993) 14 Cal.App.4th 1037, 1043 [17 Cal.Rptr.2d 643].) Appellant complains that no cross-examination of the social worker was conducted. Yet, her attorney made no request to cross-examine, nor has appellant revealed how cross-examination would have resulted in a different outcome. We conclude that under the circumstances presented here any error in the procedure was harmless beyond a reasonable doubt.
 B. Sufficiency of the Findings*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
The order is affirmed.
Strankman, P.J., and Stein, J., concurred.
[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.
* See footnote, ante, page 429.
[2] We note that pursuant to section 5.3 of the local rules for dependency departments of the San Francisco Superior Court, if a settlement is not reached at the scheduled settlement conference the matter will be set for a trial call/readiness conference date. Presumably the referee proceeded directly to the jurisdictional hearing because both parents were "in default." (E.g., Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc. (1984)155 Cal.App.3d 381, 385-386 [202 Cal.Rptr. 204] [entry of default terminates party's right to participate in proceedings]; see also People v. One 1986 Toyota Pickup (1995) 31 Cal.App.4th 254, 259 [37 Cal.Rptr.2d 29].)
[3] The local rules provide that a parent's failure to appear at the settlement conference (or at the trial call/readiness conference) will result in a "default" being entered. Yet, under the statutory scheme, although the juvenile court has authority to order a parent to appear in court at a specified place and time (§ 323), the parent's willful failure to appear constitutes contempt (§ 213), not "default." A "default" occurs when a defendant in a civil action fails to answer. (Code Civ. Proc., §585, subd. (b).) Entry of default is not authorized where an answer is on file, even if the defendant fails to appear at the hearing. (Warden v. Lamb (1929) 98 Cal.App. 738, 741 [277 P. 867]; accord, Wilson v. Goldman (1969) 274 Cal.App.2d 573, 576 [79 Cal.Rptr. 309]; see 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 216, p. 524.) Here both parents (through counsel) had previously (at the J-1 hearing) denied the allegations of the petition. Both were represented by counsel at the settlement conference. They were not in default within the meaning of section 585 of the Code of Civil Procedure, and we are unaware of any special statute regarding defaults in dependency proceedings. In fact, the court in In re Dolly D.
(1995) 41 Cal.App.4th 440, 444-445, footnote 2 [48 Cal.Rptr.2d 691], recently observed that the use of "default" language in dependency proceedings is "unfortunate and inaccurate, and probably misleading." (But see In re Angela R. (1989) 212 Cal.App.3d 257, 273-274 [260 Cal.Rptr. 612] [default properly entered for failure to appear in Civil Code former section 232 proceeding]; In reChristopher A. (1991) 226 Cal.App.3d 1154, 1161-1162 [277 Cal.Rptr. 302] [same].)
We note, moreover, that the local rules provide that the juvenile court "will specifically inform" (Super. Ct. S.F. Juvenile Rules, rule 4.2 [Court Rules Service (Daily J. Co.)] the parents that their failure to appear will result in a default being entered. Here, although the court ordered the parents to appear at the settlement conference, the record does not contain any indication that the parents were advised that their default would be entered. *Page 435