[No. E020188. Fourth Dist., Div. Two. July 29, 1999.]

MAIN FIBER PRODUCTS, INC., et al., Plaintiffs and Appellants, v. MORGAN & FRANZ INSURANCE AGENCY et al., Defendants and Appellants.

[No. E021079. Fourth Dist., Div. Two. July 29, 1999.]

MAIN FIBER PRODUCTS, INC., et al., Plaintiffs and Appellants, v. MORGAN & FRANZ INSURANCE AGENCY et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part A.

## COUNSEL

Brown & Peterson and Louis G. Fazzi for Plaintiffs and Appellants.

Lewis, D'Amato, Brisbois & Bisgaard, Richard B. Wolf and Elise D. Klein for California Fair Plan Association as Amicus Curiae on behalf of Plaintiffs and Appellants.

Wilson, Borror, Dunn & Davis, Sarah L. Overton; Tomlinson, Nydam & Prince and Timothy Prince for Defendants and Appellants and for Defendants and Respondents.

## OPINION

**McKINSTER, J.**—The plaintiffs below appeal from a judgment in favor of several defendants, entered after the trial court granted the defendants' motion for judgment on the pleadings on the day of trial. A former defendant that had earlier settled with the plaintiffs appears as an amicus curiae in support of that appeal. In addition, the plaintiffs appeal from a postjudgment order awarding attorney's fees to the defendants.

The defendants cross-appeal from the judgment in order to challenge an interlocutory order approving the settlement between the plaintiffs and the former defendant. The settling defendant has moved for the dismissal of that cross-appeal as being from a nonappealable order.

We reverse the judgment and postjudgment order and dismiss the appeal from the good faith settlement determination.

### PROCEDURAL BACKGROUND

In 1994, Main Fiber Products, Inc., Michael Main, and Marlene Main (collectively, Main) sued California Fair Plan Association (Fair) for damages for the breach of the duty of good faith and fair dealing (first count), and

Morgan & Franz Insurance Agency and Gerald P. Coleman (collectively, Morgan & Franz) and Fair for damages for breach of fiduciary duties (second count) and for fraud (third count).

Fair agreed to settle with Main for a sum of up to $45,000, depending upon Main's recovery from Morgan & Franz. Fair moved for a determination that its settlement was in good faith. (Code Civ. Proc., § 877.6.[1]) Over Morgan & Franz's opposition, the trial court granted that motion in September of 1996.

On January 7, 1997, the day after trial had been scheduled to begin, Morgan & Franz filed a written motion *in limine* for a judgment on the pleadings. Specifically, as the second count, Morgan & Franz argued that it was an agent of Fair, and thus was included within the scope of the settlement by Fair. As to the third count, Morgan & Franz argued that Main had not alleged the elements of fraud. The trial court granted that motion. Main moved for reconsideration of that ruling. The request for reconsideration was denied and judgment was entered.

Thereafter, Morgan & Franz moved for an award of attorney's fees of $9,612.50 under section 1021.1. That motion was granted over Main's opposition.

Main appeals separately from the judgment and from the postjudgment order. We consolidated those two appeals. Morgan & Franz cross-appeals from the judgment.

## CONTENTIONS

In challenging the judgment against it, Main contends that the trial court erred in granting the motion for judgment on the pleadings, both because the motion did not comply with the requirements of section 438 and because the trial court erred in determining, as a matter of law, that Morgan & Franz could not be liable to Main after Main's settlement with Fair. Main also appears to contend that the trial court abused its discretion by refusing to reconsider its ruling. Finally, Main contends that the trial court erred by granting Morgan & Franz's motion for attorney's fees.

Morgan & Franz contends that the trial court abused its discretion in determining Fair's settlement to be in good faith. In moving for the dismissal of that cross-appeal, Fair argues that Morgan & Franz is attempting to appeal

---

[1] All further section references are to the Code of Civil Procedure.

from a nonappealable order which may be reviewed only by a timely extraordinary writ.

DISCUSSION

A.  *The Ruling on the Motion for Judgment on the Pleadings, and the Attorney's Fee Award Which Depends Upon the Resulting Judgment, Must Be Reversed.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B.  *The Appeal Challenging the Good Faith Settlement Determination Must Be Dismissed.*

"When a determination of the good faith or lack of good faith of a settlement is made, any party aggrieved by the determination may petition the proper court to review the determination by writ of mandate. The petition for writ of mandate shall be filed within 20 days after service of written notice of the determination, or within any additional time not exceeding 20 days as the trial court may allow." (§ 877.6, subd. (e).)

The trial court approved Fair's motion for determination of good faith settlement on September 19, 1996. Notice of that ruling was given on September 23, 1996. No writ petition was filed by Morgan & Franz within 20 days after that notice, or at any other time. Instead, on April 8, 1997, Morgan & Franz appealed from the final judgment.

Fair argues that the determination of the good faith of a settlement cannot be reviewed by an appeal from the final judgment, and asks that Morgan & Franz's appeal be dismissed. In response, Morgan & Franz notes that section 877.6 does not expressly preclude review of the ruling in an appeal from the final judgment, and argues that review should lie in such an appeal, as with other interlocutory orders. Fair is correct.

A determination that a settlement has been made in good faith is a nonappealable interlocutory decree. (*Chernett* v. *Jacques* (1988) 202 Cal.App.3d 69, 71 [248 Cal.Rptr. 63]; *Barth-Wittmore Ins.* v. *H. R. Murphy Enterprises, Inc.* (1985) 169 Cal.App.3d 124, 130 [214 Cal.Rptr. 894].) "Mandamus is the exclusive procedure for obtaining immediate review" of such an order. (Flahavan et al., Cal. Practice Guide: Personal Injury 1 (The Rutter Group 1998) ¶ 4:199.9a, p. 4-126; Eisenberg et al., Cal. Practice

---

*See footnote, *ante*, at page 1130.

Guide: Civil Appeals and Writs 1 (The Rutter Group 1998) ¶ 2:260a, p. 2-112.) A purported appeal from such a ruling will be dismissed (*Chernett, supra,* at p. 71) unless the appellate court exercises its discretion to treat the improper appeal as a petition for a writ of mandate (see *Barth-Wittmore Ins., supra,* at p. 131).

"The clear policy of section 877.6, subdivision (c) is to encourage settlement by providing finality to litigation for the settling tortfeasor." (*Turcon Construction, Inc.* v. *Norton-Villiers, Ltd.* (1983) 139 Cal.App.3d 280, 283 [188 Cal.Rptr. 580]; accord, *Barth-Wittmore Ins.* v. *H. R. Murphy Enterprises, Inc., supra,* 169 Cal.App.3d at p. 130.) The same policies explain why the Legislature afforded settling tortfeasors a right to expedited review of good faith determinations. "Where review of a settlement must await conclusion of the entire case, the intended finality is absent and promotion of settlement obviously thwarted." (*Barth-Wittmore Ins., supra,* at p. 130.)

Accordingly, several courts have stated generally in dicta that "[t]he determination of the good faith of a settlement may only be reviewed by a timely petition for writ of mandate . . . ." (*Housing Group* v. *Superior Court* (1994) 24 Cal.App.4th 549, 552 [29 Cal.Rptr.2d 460]; accord, *Rohr Industries, Inc.* v. *First State Ins. Co.* (1997) 59 Cal.App.4th 1480, 1485-1486 [69 Cal.Rptr.2d 872].) But neither those cases nor any others of which we are aware actually address the specific issue before us, i.e., whether subdivision (e) of section 877.6 precludes, not only a direct appeal from the interlocutory good faith determination, but also any review of that ruling upon an appeal from the final judgment. We conclude that it does.

The same policy reasons which prompted the Legislature to afford parties aggrieved by good faith determinations the right to review by writ of mandate also militate in favor of a construction of the statute which renders a pretrial petition for a writ of mandate the exclusive means of review. A contrary construction, permitting an aggrieved party to postpone review of the good faith determination until after the balance of the claims were tried and a final judgment issued months or years later, would prevent the very finality and certainty that writ review was intended to promote. Years after the settlement, the settling tortfeasor could be dragged back into the action, necessitating a retrial of the plaintiff's claims.

The legislative history confirms that those were the very concerns which the Legislature intended to address. A legislative staff analysis explains the argument favoring review by writ by quoting the State Bar, the proponent of the amendment: " 'Under present law, a settling plaintiff and settling defendant or cross defendant who are denied approval of the settlement must

undergo further discovery and trial against the settling tortfeasor, thus denying those parties the goals to be achieved by the settlement. Likewise, if a settlement is approved but ultimately held, on appeal after the judgment, to have been in bad faith, the case will have to be re-tried to include the alleged tortfeasors who were improperly removed from the case. Appellate review delayed until after the judgment thus thwarts the policy of the law to encourage settlement.' " (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 232 (1983-1984 Reg. Sess.) as introduced, p. 2.)[3] Subsequent legislative staff reports paraphrasing that argument repeatedly state not only that writ review is "preferable to an appeal following judgment," but that "it is imperative that the review of the court's determination [that a settlement is in good faith] occur expeditiously and before trial." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 232 (1983-1984 Reg. Sess.) as amended May 19, 1984, p. 3; see also the analyses of the same bill by the Sen. Democratic Caucus (3d reading analysis, p. 1, and conf. report, p. 2) and the Sen. Republican Caucus.)

The language of the statute itself confirms that the Legislature intended the issue to be finally resolved before the trial between the remaining litigants. The deadline for filing the writ petition is a mere 20 days, and the trial court's power to extend that deadline is limited. (§ 877.6, subd. (e).) Within 30 days, the appellate court is required to decide whether it will hear the matter. (*Id.*, subd. (e)(1).) That hearing must be set before any other civil matters on the appellate court's calendar. (*Id.*, subd. (e)(2).) And most significantly, the time periods for dismissal for want of diligent prosecution are tolled while the writ petition is pending. (*Id.*, subd. (e)(3).) By providing a speedy remedy and ensuring that the remaining litigants would not be prejudiced while that remedy was being pursued, the Legislature clearly indicated its intention that the trial be postponed until after the trial court's good faith determination was reviewed. The Legislature would not have gone to such lengths to enable effective writ review if the aggrieved party was equally free to wait for a final judgment.

Accordingly, what other courts have stated in dicta we now hold: Any party wishing to challenge the merits of a "good faith settlement" determination must do so via a petition for writ of mandate in the manner and within the time prescribed by section 877.6, subdivision (e). (*Rohr Industries, Inc.* v. *First State Ins. Co., supra,* 59 Cal.App.4th at pp. 1485-1486; *Housing Group* v. *Superior Court, supra,* 24 Cal.App.4th at p. 552.) In particular, an aggrieved party may not forgo writ review and seek instead to have the

---

[3]Fair's request that we take judicial notice of this and other items of legislative history is granted.

determination reviewed for the first time in an appeal from the final judgment arising out of the trial of the plaintiff's claims against the nonsettling defendants.[4]

The trial court's good faith determination being the only issue raised by Morgan & Franz's cross-appeal from the final judgment, that appeal must be dismissed.

## DISPOSITION

The judgment and the postjudgment order are reversed. The trial court is directed to vacate its order granting the motion for judgment on the pleadings, and to enter a new order denying that motion. The cross-appeal is dismissed. Appellants Main shall recover their costs on appeal.

Ramirez, P. J., and Gaut, J., concurred.

A petition for a rehearing was denied August 25, 1999, and the petition of defendants and appellants for review by the Supreme Court was denied December 1, 1999.

---

[4]One authority has opined that "if the writ petition is denied, review of a section 877.6 determination should lie by appeal from the ultimate judgment." (Flahavan et al., Cal. Practice Guide: Personal Injury 1, *supra*, ¶ 4:199.9a, p. 4-126.) Because Morgan & Franz never petitioned for a writ at all, we need not consider that possible exception to the rule just announced.