[No. B234568. Second Dist., Div. Eight. June 14, 2012.]

OAK SPRINGS VILLAS HOMEOWNERS ASSOCIATION, Plaintiff and Respondent, v.
ADVANCED TRUSS SYSTEMS, INC., Defendant, Cross-complainant and Appellant;
J&J RODGERS CORPORATION et al., Cross-defendants and Respondents.

## COUNSEL

Christopher P. Ruiz for Defendant, Cross-complainant and Appellant.

Haight Brown & Bonesteel, Lawrence S. Zucker II, Kenneth G. Anderson and Gary A. Bague for Cross-defendants and Respondents.

Domine Adams, Jeffrey B. Domine, Jason M. Adams and Ryan P. Sheahan for Plaintiff and Respondent.

**OPINION**

**BIGELOW, P. J.**—A nonsettling defendant appeals from the trial court's determination that a settlement between plaintiff and other defendants in the case was reached in good faith. Because appellant appeals from a nonappealable order, we dismiss the appeal.

## FACTS AND DISCUSSION

Oak Springs Villas is a 24-condominium, eight-building complex located in Santa Clarita. It was developed by Sand Canyon Properties, Inc., Oak Springs Villas, LLC, and Monteverde Development Co. J&J Rodgers Corporation (J&J)[1] acted as the general contractor and retained Southland Framers, Inc., to provide all labor and materials to frame the buildings, including installing the trusses that supported the roof. Southland Framers purchased the roof trusses and truss plans from Advanced Truss Systems, Inc. (ATS), but installed the trusses itself. ESI/FME, Inc. (ESI), a structural engineering firm, was retained to ensure that structural components of the roof framing and support structure complied with the structural design, plans and specifications. ESI certified that the framing and foundations complied with the Santa Clarita building code.

In December 2007, the Oak Springs Villas Homeowners Association (HOA) brought suit against the Developer Defendants, ATS, ESI, Southland Framers and others for construction defects found in the buildings. Among other things, the complaint alleged that the buildings had framing deficiencies which caused the roof to sag and were the result of defective design, manufacture, or installation of the trusses. The Developer Defendants cross-complained against the subcontractors, including ATS and Southland Framers, for indemnity.

The HOA first settled with Southland Framers, which was no longer in business, for the remainder of its insurance policy. ESI also settled for approximately $50,000 and agreed to assign its experts to the HOA. The Developer Defendants opposed ESI's motion for determination of good faith settlement, submitting a declaration from their expert that estimated the cost of repair to be approximately $3.6 million. The trial court determined the ESI settlement was made in good faith.

A settlement with the Developer Defendants was subsequently reached; the Developer Defendants agreed to pay the remaining policy limits (approximately $867,000) from their insurance policy, submit a declaration that there

---

[1] We refer to Sand Canyon Properties, Inc., Oak Springs Villas, LLC, Monteverde Development Co. and J&J Rodgers Corporation collectively as the "Developer Defendants."

was no other insurance available on the claim, and assign its experts to the HOA. The Developer Defendants filed a motion for determination of good faith settlement which was vigorously opposed by ATS.

The trial court approved the Developer Defendants' motion for a determination of good faith settlement and ATS then filed its notice of appeal from that order. In its respondents brief, the Developer Defendants contend that ATS's appeal should be dismissed because ATS may not seek review of the good faith settlement order for the first time on appeal. Instead, they contend ATS was required to first seek review of the order through a petition for writ of mandate.

■ We conclude that ATS has appealed from a nonappealable order and dismiss its appeal. A good faith settlement determination is a nonappealable interlocutory ruling and immediate review of the merits of that determination is obtainable only by a timely writ petition pursuant to Code of Civil Procedure, section 877.6.[2] (*Main Fiber Products, Inc. v. Morgan & Franz Ins. Agency* (1999) 73 Cal.App.4th 1130, 1134 [87 Cal.Rptr.2d 108]; *Chernett v. Jacques* (1988) 202 Cal.App.3d 69, 71 [248 Cal.Rptr. 63].) Subdivision (e) of section 877.6 provides: "When a determination of the good faith or lack of good faith of a settlement is made, any party aggrieved by the determination may petition the proper court to review the determination by writ of mandate. The petition for writ of mandate shall be filed within 20 days after service of written notice of the determination, or within any additional time not exceeding 20 days as the trial court may allow." ATS sought review outside of the 20-day time limit and, in any case, filed an appeal, not a writ petition.

■ ATS argues that "[a] party can appeal from an order determining a settlement to be in good faith which results in the dismissal of its cross-complaint for indemnity as to the settling defendant/tort-feasor. [Citations.] Since the order of dismissal of ATS' cross-complaint left no issues to be determined as to the Developer Defendants, an appeal lies from the order of dismissal even though [the HOA's] action proceeds as to ATS and others below." We disagree. ATS seeks not to appeal from the final judgment as to ATS, but from the order determining a settlement with the Developer Defendants was in good faith. The final judgment rule cannot be interpreted to allow a party who remains in the action to base its appeal on an order involving a different party. (See *Daon Corp. v. Place Homeowners Assn.* (1989) 207 Cal.App.3d 1449, 1456 [255 Cal.Rptr. 448] [order dismissing cross-complaint against third party not appealable final judgment because third party still remained in action].)

---

[2] All further section references are to the Code of Civil Procedure unless otherwise specified.

In reaching this conclusion, we respectfully disagree with *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939 [124 Cal.Rptr.3d 78] (*Cahill*), a case relied on by ATS. There, a window washer was injured by a power line while attempting to wash a glass railing with a metal window washing pole. (*Id.* at p. 944.) He sued San Diego Gas & Electric (SDGE) and the owners of the property. SDGE and the owners cross-claimed against one another for indemnity. The plaintiff eventually settled with the owners and sought a good faith settlement determination. The trial court granted the motion and dismissed with prejudice the complaint and SDGE's cross-complaint against the owners. SDGE remained a defendant in the case. SDGE filed a writ petition challenging the trial court's order under section 877.6; it was denied. (194 Cal.App.4th at p. 945.) SDGE then filed a notice of appeal challenging the section 877.6 order and dismissing its cross-complaint against the owners. The owners moved to dismiss SDGE's appeal. The issue raised in *Cahill* was whether a writ petition filed pursuant to section 877.6, subdivision (e), was the sole means of challenging a trial court's good faith determination on a settlement.[3] The *Cahill* court concluded it was not and denied the motion to dismiss. (194 Cal.App.4th at pp. 955–956.)

The *Cahill* court did not closely examine whether it was proper to allow SDGE to base its appeal on the owners' final judgment and not its own. Instead, in a footnote, the court noted that "[b]ecause all claims filed by or against Owners have been dismissed, we deem the court's order to be a 'final' judgment within the meaning of section 904.1, subdivision (a)(1). [Citation.]" (*Cahill, supra,* at p. 945, fn. 3.) In support, the *Cahill* court cited to *Justus v. Atchison* (1977) 19 Cal.3d 564 [139 Cal.Rptr. 97, 565 P.2d 122], which confirms the "settled" rule that a final judgment is one "which leaves no issue to be determined as to one party." (*Id.* at p. 568.) According to *Justus,* this is because "it better serves the interests of justice to afford prompt appellate review to a party whose rights or liabilities have been definitively adjudicated than to require him to await the final outcome of trial proceedings which are of no further concern to him." (*Ibid.*)

We decline to follow *Cahill.* Not only is *Cahill*'s analysis on this issue bare, it provides no legal support for its conclusion. *Justus* does not stand for the proposition that a party remaining in the action may seek review by appeal. It merely states that a party who is no longer in the proceedings may file an appeal because it would be unfair to force him to wait for the final adjudication of the other parties' rights and duties. More importantly, *Cahill*

---

[3] As noted in *Cahill,* there is currently a split of authority regarding whether a writ petition filed pursuant to section 877.6, subdivision (e), is the sole means of challenging a trial court's good faith determination on a settlement. (Compare *Main Fiber Products, Inc. v. Morgan & Franz Ins. Agency, supra,* 73 Cal.App.4th at pp. 1135–1136 with *Maryland Casualty Co. v. Andreini & Co.* (2000) 81 Cal.App.4th 1413, 1415–1419 [97 Cal.Rptr.2d 752].) We decline to reach that issue in this opinion.

does not consider that a nonsettling defendant such as ATS may also be allowed to seek review of a good faith settlement upon the final adjudication of its rights, allowing it two appeals on the same issue.

■ Our decision here does not deprive nonsettling defendants of prompt review of their good faith settlement challenges. Section 877.6, subdivision (e), expressly permits nonsettling defendants to obtain review of a good faith settlement determination through a writ petition. ATS failed to do so. It cannot now get a second bite of the apple before its final judgment through an appeal from the good faith settlement order as to the Developer Defendants. ATS concedes that the dismissal of its cross-complaint is not a final adjudication of its rights and duties in this case. It may still prevail against the HOA's claims. An appeal by ATS at this point would be premature and violative of the policy underlying the final judgment rule.

■ Finally, we note that we have discretion to treat an improper direct appeal from a section 877.6 merits ruling as a petition for writ of mandate. We decline to do so here, however, as there is no unusual circumstance or peculiarity that would justify exercising our discretion. (*Barth-Wittmore Ins. v. H. R. Murphy Enterprises, Inc.* (1985) 169 Cal.App.3d 124, 130 [214 Cal.Rptr. 894].)

## DISPOSITION

The appeal is dismissed.

Rubin, J., and Grimes, J., concurred.