Filed 7/12/21  Casey v. Sacramento County Public Law Library CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MICHAEL P. CASEY, | |
| Plaintiff and Appellant, | C089936 |
| v. | (Super. Ct. No. 34-2016-00200881-CLMCGDS) |
| SACRAMENTO COUNTY PUBLIC LAW LIBRARY et al., | |
| Defendants and Respondents. | |

Michael P. Casey brought this action against the Sacramento County Public Law Library and certain library employees after he was barred from the library's self-help center.  When a voluntary request for dismissal was deposited under Casey's name in the trial court's after-hours drop box and the request was filed, Casey denied filing the

1

request and moved to vacate it on grounds of extrinsic fraud and surprise. Finding that Casey had failed to establish fraud or surprise, the trial court denied the motion along with a subsequent motion for reconsideration. Casey appealed those orders but abandoned the appeal.

Casey subsequently filed another motion to vacate, challenging the initial request for dismissal and also the notices of entry of judgment filed by defendants. The trial court denied the motion and Casey appeals from that order. Nevertheless, he now seeks to challenge (1) the order denying his initial motion to vacate, (2) the order denying his motion for reconsideration, (3) the notices of entry of judgment, and (4) the order denying his subsequent motion to vacate.

We do not consider Casey's challenges to the orders denying his initial motion to vacate or his motion for reconsideration; he abandoned his appeal from those orders and they are not before us in this appeal. As for the order denying his challenge to the initial request for dismissal and the notices of entry of judgment, the trial court lacked jurisdiction to consider Casey's challenge to the initial request for dismissal, and his challenge to the notices of entry of judgment lacks merit.

We will dismiss the appeal in part and affirm the remainder of the order denying Casey's subsequent motion to vacate.

BACKGROUND

On April 6, 2018, a request for dismissal was placed in the trial court's drop box. Casey asserts he became aware of the filing on April 11, when opposing counsel contacted him to ask if he filed it; he informed counsel he did not. On April 12, defendants filed a notice of entry of dismissal and proof of service.

On May 3, Casey filed a motion to vacate the request for dismissal, arguing the request was filed fraudulently and by surprise under Code of Civil Procedure section 473,

2

subdivision (b).[1]  The trial court heard argument and took the matter under submission. After the matter had been submitted, Casey sent letters to the trial court claiming he had new evidence from a forensic handwriting expert that the signature on the request for dismissal was a traced forgery.

On May 24, the trial court denied Casey's motion, concluding Casey had failed to prove that his signature on the request for dismissal was forged.  The trial court considered Casey's assertions that he did not sign or file the request for dismissal and that his former attorney may have forged his signature, possibly with the help of defense counsel.  The trial court also considered declarations from defense counsel and Casey's former attorney, each denying any involvement in filing the request for dismissal. The trial court found the attorney declarations credible and that Casey's speculation failed to establish fraud, mistake, or conduct beyond authority.  The trial court declined to consider the handwriting expert evidence.  On June 4, defendants filed a notice of entry of judgment or order.

Casey filed a motion for reconsideration, arguing he did not obtain the handwriting expert report sooner because he does not have unlimited resources and he felt the evidence he submitted was strong enough without it.

On July 16, the trial court denied Casey's motion for reconsideration, finding that Casey failed to show he could not have obtained the handwriting expert evidence before the prior hearing with reasonable diligence.  On August 8, defendants filed a notice of entry of judgment or order.

On October 4, Casey filed a notice of appeal in an unlimited civil case.  But then, on November 27, he filed in the trial court an amended motion seeking to vacate the dismissal, to correct a clerical error in the judgment, and to have the matter reclassified

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

3

from a limited to an unlimited matter. On November 29, Casey abandoned his appeal in this court, and on December 7, he abandoned his motion in the trial court.

On April 11, 2019, Casey again filed a motion to vacate the request for dismissal and to vacate defendants' notices of entry of judgment filed on June 4 and August 8, 2018. On May 9, the trial court adopted its tentative ruling denying Casey's motion. The trial court observed that Casey's motion was effectively a renewal of his previous motion to vacate and motion for reconsideration. Accordingly, it denied Casey's motion in light of its prior rulings on the same grounds and based on the same evidence. The trial court also rejected Casey's request to vacate the notices of entry of judgment.

On June 7, Casey filed a notice of appeal from the trial court's May 9 order. On July 5, Casey abandoned that appeal and initiated the instant appeal.

## DISCUSSION

### I

We begin with Casey's challenges to the orders denying his initial motion to vacate and the motion for reconsideration.

### A

Our appellate jurisdiction is limited in scope to the notice of appeal and the judgment appealed from. (Cal. Rules of Court, rule 8.100;[2] *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504.) We liberally construe the notice of appeal to include that which it appears a plaintiff is actually appealing. (*Cotty v. Trader* (1996) 50 Cal.App.4th 765, 768.)

The notice of appeal for the instant appeal states that Casey is appealing from judgments or orders entered on April 12, 2018, June 4, 2018, August 8, 2018, and May 9, 2019. The items filed on June 4, 2018 and August 8, 2018, are the notices of entry of

---

[2] Further rule references are to the California Rules of Court.

4

judgment. They are not judgments or appealable orders. (See § 904.1; *Engel v. Worthingon* (1997) 60 Cal.App.4th 628, 630-631.) The item filed on April 12, 2018, was a notice of entry of dismissal and proof of service, which is similarly not appealable. (*Ibid.*)

We construe Casey's notice of appeal as appealing from the trial court's May 9, 2019 order. Therefore, the trial court's May 24, 2018 order denying Casey's initial motion to vacate the request for dismissal, and its July 16, 2018 order denying Casey's motion for reconsideration, are not before us.

B

Defendants argue Casey's instant notice of appeal was not timely because it was filed more than 180 days after his purported April 6, 2018 request for dismissal. Accordingly, they contend we lack jurisdiction to hear Casey's appeal.[3] We disagree.

"Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. [Citations.] If a notice of appeal is not timely, the appellate court must dismiss the appeal." (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582; see rule 8.104(b).)

Rule 8.104(a)(1) provides: "Unless a statute or rules 8.108, 8.702, or 8.712 provide otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the

---

[3] Before the record was filed, defendants moved to dismiss the appeal as untimely, and plaintiff opposed the motion. Although we denied the motion, our order does not preclude a later assertion of the issue. (*Chernett v. Jacques* (1988) 202 Cal.App.3d 69, 71 [initial denial of motion to dismiss "does not evidence this court was able to consider and decide the merits of the dismissability issue in the context of an adequate record and full briefing of the issue"].)

notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." For purposes of rule 8.104, " 'judgment' includes an appealable order if the appeal is from an appealable order." (Rule 8.104(e).) Rule 8.104 " 'prescribing the time to file notice of appeal does not come into operation until there is an appealable judgment or order.' [Citation.]" (*People v. Gordon* (1951) 105 Cal.App.2d 711, 715.)

"A voluntary dismissal under [section] 581, subdivision (b)(1) by written request to the clerk is not a final judgment, as no judgment, final or otherwise, is necessary to the dismissal. [Citation.] A voluntary dismissal is a ministerial act, not a judicial act, and not appealable. [Citation.]" (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1358, 1364-1365; see also *Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, 974-975.) Thus, even if Casey had filed the request for dismissal, he would not have been required to file an appeal within 180 days from that date.

As we discussed *ante*, Casey appeals from the trial court's May 9, 2019. Casey's July 5, 2019 notice of appeal was timely because it was filed 58 days after May 9.

## II

Casey further challenges the notices of entry of judgment and the order denying his subsequent motion to vacate. That April 11, 2019 motion asked the trial court to vacate the request for dismissal and the notices of entry of judgment.

## A

The trial court denied Casey's challenge to the request for dismissal, finding that the latest challenge was merely a renewal of his prior motions asserting the same grounds and evidence. A renewal motion is governed by section 1008, subdivision (b), which provides that "[a] party who originally made an application for an order which was

6

refused in whole or part . . . may make a subsequent application for the same order upon new or different facts, circumstances, or law . . . ."  A party seeking to renew a previously denied motion based on new or different facts must also show "diligence with a satisfactory explanation for not having presented the new or different information earlier."  (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839.)

Casey's motion did not expressly seek relief under section 1008, subdivision (b), but because the relief he sought was identical to his earlier motions, it was in essence a renewed request for relief under that section.  (See *California Correctional Peace Officers Association v. Virga* (2010) 181 Cal.App.4th 30, 43 [motion seeking same relief as previously denied motion is "an application for the same order" within the meaning of section 1008, subdivision (b) regardless of " ' "the label attached to it' " '].)  Casey's motion sought to vacate the request for dismissal on the basis of extrinsic fraud, a ground that had already been rejected based on the same evidence presented in Casey's prior motions to vacate and for reconsideration.

Orders denying renewal motions under section 1008, subdivision (b) are not appealable.  (*Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 159-160.)  Accordingly, we lack jurisdiction to address the merits and must dismiss that portion of Casey's appeal challenging the trial court's denial of the renewal motion.  (*Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645 ["the court, on its own motion, must dismiss an appeal from a nonappealable order"].)

B

The trial court also denied Casey's challenge to the notices of entry of judgment, finding that Casey had made an insufficient showing.  Casey contends the trial court exceeded its jurisdiction because the notices of entry of judgment filed by defendants on

7

June 4, 2018 and August 8, 2018 identified this as an unlimited case rather than a limited case, rendering the underlying judgments void.[4]

A judgment that is void on its face may be attacked at any time. (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239.) But Casey offers no legal authority for the proposition that a judgment is void simply because the notice of entry of judgment identifies the action as unlimited rather than limited. In the absence of a cogent legal argument supported by authority, Casey forfeits the argument. (See *United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 153.)

The argument also fails on the merits. Following the unification of the municipal and superior courts in 1998, superior courts now have original jurisdiction over all matters formerly designated as superior court and municipal court actions, matters now classified as "unlimited" and "limited" actions. (*Stratton v. Beck* (2017) 9 Cal.App.5th 483, 491-492.) Thus, the superior court had jurisdiction here, whether or not the case was classified as limited or unlimited.[5] Moreover, Casey presents no authority that representations on notices of entry of judgment are judicial acts subject to jurisdictional

---

**4** Casey additionally claims the trial court should have set aside the judgment under section 663. On May 24, 2019 Casey moved to set aside the request for dismissal under section 663, but he does not cite to a trial court order denying that motion. In the absence of an identifiable claim of error supported by pertinent legal authority, we do not consider plaintiff's argument. (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 [the reviewing court may disregard conclusory arguments not supported by pertinent legal authority].) Casey also argues the trial court abused its discretion by continually treating this as an unlimited case. However, he offers no factual or legal support for this argument, and therefore we do not consider it. (*Ibid.*)

**5** We recognize that "if a case is designated as a limited civil case, the court has no authority (i.e. jurisdiction) to award a judgment in excess of $25,000." (*Ytuarte v. Superior Court* (2005) 129 Cal.App.4th 266, 274-275.) That did not happen in this case.

constraints.  Therefore, Casey fails to show the trial court incorrectly entered judgment in an unlimited case.[6]

## DISPOSITION

Casey's appeal from the portion of the trial court's May 9, 2019 order denying his renewed motion to vacate the request for dismissal is dismissed.  The May 9, 2019 order is otherwise affirmed.  Defendants are awarded their costs on appeal.  (Rule 8.278(a) & (b).)


/S/
MAURO, J.


We concur:


/S/
RAYE, P. J.


/S/
MURRAY, J.

---

[6] In his reply brief, plaintiff requests that we take judicial notice of one of his various motions to vacate.  "To obtain judicial notice by a reviewing court under Evidence Code section 459, a party must serve and file a separate motion with a proposed order." (Rule 8.252(a)(1).)  Because that was not done, we deny the request.