Filed 3/6/23  CBM Investments v. Royal Business Bank CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CBM INVESTMENTS, INC., et al., | B310205 |
| Cross-complainants and Appellants, | (Los Angeles County Super. Ct. No. BC722043) |
| v. | |
| ROYAL BUSINESS BANK, | |
| Cross-defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Holly Fujie, Judge.  Dismissed.

Law Offices of Tony M. Lu and Tony M. Lu for Cross-complainants and Appellants.

Neufeld Marks, Paul S. Marks and Yuriko M. Shikai for Cross-defendant and Respondent.

_____

CBM Investments, Inc. and CBM Systems, Inc (collectively, CBM) appeal from the court's order granting Royal Business Bank's motion for determination of a good faith settlement (Code Civ. Proc., § 877.6).  We dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Peng Chen sued CBM and other defendants, alleging causes of action for conversion, violation of Penal Code section 496, constructive trust, and civil conspiracy.  CBM cross-complained against Royal Business Bank and other parties.

Royal Business Bank moved for a determination that its settlement of prior related litigation had been made in good faith, barring the claims made against it in CBM's cross-complaint. After extensive briefing and argument, the trial court granted Royal Business Bank's motion.  The clerk of the superior court served the court's minute order on the parties on October 21, 2020.

CBM did not file a petition for writ of mandate seeking review of the good faith settlement ruling; instead, CBM filed a notice of appeal on January 22, 2021.

## DISCUSSION

In its respondent's brief, Royal Business Bank contends CBM's appeal should be dismissed because CBM was required to seek review of the good faith settlement determination through a petition for writ of mandate rather than by direct appeal.

2

We conclude CBM has appealed from a nonappealable order and dismiss the appeal. Code of Civil Procedure section 877.6, subdivision (e), provides: "When a determination of the good faith or lack of good faith of a settlement is made, any party aggrieved by the determination may petition the proper court to review the determination by writ of mandate. The petition for writ of mandate shall be filed within 20 days after service of written notice of the determination, or within any additional time not exceeding 20 days as the trial court may allow." We have previously held that a "good faith settlement determination is a nonappealable interlocutory ruling and immediate review of the merits of that determination is obtainable only by a timely writ petition pursuant to Code of Civil Procedure, section 877.6." (*Oak Springs Villas Homeowners Assn. v. Advanced Truss Systems, Inc.* (2012) 206 Cal.App.4th 1304, 1307 (*Oak Springs*).) The question of whether writ review is the exclusive method of obtaining review of a good faith settlement determination is currently pending before the California Supreme Court; in the absence of a definitive answer by the Supreme Court we continue to find persuasive our analysis in *Oak Springs*, which is supported by the extensive statutory analysis set forth in *Pacific Fertility Cases* (2022) 78 Cal.App.5th 568, review granted August 17, 2022, S275134, and by the decisions in *O'Hearn v. Hillcrest Gym & Fitness Center, Inc.* (2004) 115 Cal.App.4th 491, 499, *Main Fiber Products, Inc. v. Morgan & Franz Ins. Agency* (1999) 73 Cal.App.4th 1130, 1134–1137, and *Chernett v. Jacques* (1988) 202 Cal.App.3d 69, 70–72.

We are aware of decisions holding that a good faith settlement determination may be reviewed on appeal from a final judgment, specifically, *Cahill v. San Diego Gas & Electric Co.*

3

(2011) 194 Cal.App.4th 939, 955–956, *Wilshire Ins. Co. v. Tuff Boy Holding, Inc.* (2001) 86 Cal.App.4th 627, 636–637, and *Maryland Casualty Co. v. Andreini & Co.* (2000) 81 Cal.App.4th 1413, 1420–1426. These decisions, however, are inapposite because in each case, the appellant had filed a petition for writ of mandate pursuant to Code of Civil Procedure section 877.6, subdivision (e), prior to seeking appellate review. (See *Cahill*, at p. 956 ["*Maryland Casualty*'s detailed analysis of the legislative history of section 877.6(e) . . . persuades us the Legislature did *not* intend that statute to preclude postjudgment appeals of good faith settlement determinations where earlier writ petitions were summarily denied"]; *Wilshire*, at p. 637 ["Wilshire sought timely writ review in this court. In these circumstances, we conclude the trial court's good faith settlement determination is subject to appellate review on appeal from the judgment"]; *Maryland Casualty*, at p. 1425, fn. 13 [describing the question presented as "whether a nonsettling party, having previously sought but failed to obtain a writ, can challenge a determination of good faith on a postjudgment appeal"].) Because CBM appealed without first filing a petition for writ of mandate, these decisions, permitting appellate review of a good faith settlement determination where the appellant had previously filed a petition for writ of mandate, do not undermine our determination that CBM may not appeal the court's ruling here.

We are also aware of our discretion to treat an improper direct appeal from a ruling on a good faith settlement motion as a petition for writ of mandate, but we decline to do so here, as there is no unusual circumstance or peculiarity that would justify exercising our discretion. (See *Oak Springs*, *supra*, 206 Cal.App.4th at p. 1309.)

4

**DISPOSITION**

The appeal is dismissed.  Respondent shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:


GRIMES, J.


WILEY, J.