Filed 7/13/23  Gall v. Andrew's Sons CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| NANCY SMITH GALL, Cross-complainant and Appellant, v. ANDREW'S SONS, INC. et al., Cross-defendants and Respondents. | D080521 (Super. Ct. No. RIC1905341) |


APPEAL from a judgment and orders of the Superior Court of Riverside County, Daniel A. Ottolia, Judge.  Dismissed in part.  Affirmed in part.

Veatch Carlson and Serena L. Nervez, for Cross-complainant and Appellant.

McMahon Lynch Law Firm, Robert J. Lynch and Matthew A. Slater, for Cross-defendants and Respondents Andrew's Sons Inc. dba Farmer Boys Woodcrest and HHI Riverside, LLC.

INTRODUCTION

In this automobile accident case, Nancy Smith Gall struck a motorcyclist as she pulled out of a Farmer Boys restaurant parking lot. The motorcyclist, David Gonzalez, sued Gall for negligence; Andrew's Sons Inc. dba Farmer Boys Woodcrest and HHI Riverside, LLC (together Farmer Boys) for premises liability; and the City and County of Riverside for a dangerous condition of public property.[1] Gonzalez's wife asserted a claim for loss of consortium against all defendants. Gall filed a cross-complaint against Farmer Boys for equitable indemnity and contribution.

The trial court entered judgment for Farmer Boys on all of the Gonzalezes' claims against them, after granting Farmer Boys' motion for summary judgment. The Gonzalezes appealed the judgment but later agreed to dismiss their appeal in exchange for Farmer Boys' payment of a monetary settlement and waiver of costs. The court then determined the settlement was reached in good faith within the meaning of Code of Civil Procedure section 877.6,[2] and dismissed Gall's cross-complaint against Farmer Boys as barred by the good faith settlement determination.

Gall appeals from the trial court's order dismissing Gall's cross-complaint against Farmer Boys and, pursuant to section 906, she also seeks review of the judgment entered after the trial court granted summary judgment for Farmer Boys on the Gonzalezes' complaint and finding a good faith settlement between Farmer Boys and the Gonzalezes. Following *Pacific Fertility Cases* (2022) 78 Cal.App.5th 568, review granted August 17, 2022, S275134, we conclude that a petition for writ of mandate is the exclusive

---

[1] The public entities are no longer parties to the action.

[2] Undesignated statutory references are to the Code of Civil Procedure.

2

means of challenging an order approving a good faith settlement under section 877.6, subdivision (e) (§ 877.6(e)). Because the trial court dismissed Gall's cross-complaint as barred by the good faith settlement determination by operation of law, we affirm the order dismissing the cross-complaint. For this reason, we need not review the summary judgment order for any asserted error.

In sum, the appeal from the order granting Farmer Boys' motion for good faith determination is dismissed. The order dismissing Gall's cross-complaint against Farmer Boys and the entry of judgment for Farmer Boys on the Gonzalezes' complaint are affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

Gall entered the parking lot of a Farmer Boys restaurant to use the restaurant's drive-thru lane. She exited the restaurant's designated exit-only driveway and crossed two traffic lanes to access the left turn pocket, intending to make a U-turn and travel east on Van Buren Boulevard. At about the same time, Gonzalez was riding his motorcycle westbound on Van Buren in the right lane of the two lane road and ahead of a "pack of cars." Gonzalez saw Gall's car stop at the driveway and Gonzalez signaled to merge into the left lane because he thought Gall would exit the driveway and turn right into the lane that he was in. But "[a]t the last second," Gonzalez realized Gall was cutting straight through Van Buren to reach the left turn pocket. Gonzalez was unable to avoid colliding with the driver's side of Gall's car. The accident rendered Gonzalez a paraplegic.

After the Gonzalezes filed this action, Gall filed a cross-complaint against Farmer Boys for equitable indemnity and contribution.

Farmer Boys moved for summary judgment against the Gonzalezes based on lack of causation. Both the Gonzalezes and Gall filed oppositions to

3

the motion. The trial court granted the motion, finding neither the Gonzalezes nor Gall showed the existence of a triable issue of material fact as to causation.

The trial court entered judgment in favor of Farmer Boys on the Gonzalezes' complaint. The Gonzalezes then appealed from the judgment. Although Gall was not named in that judgment, she also appealed from the judgment for Farmer Boys. Division Two of this court dismissed Gall's appeal, concluding she was not legally aggrieved by the judgment within the meaning of section 902 because any injury to her was remote since she had not yet paid any judgment.

Subsequently, the Gonzalezes agreed to dismiss their appeal against Farmer Boys and release all claims against them in exchange for Farmer Boys' payment of $46,500 and a waiver of costs. Farmer Boys then moved for a good faith settlement determination under section 877.6 to bar any claims by joint tortfeasors against them for equitable indemnity, contribution, or comparative fault.

The trial court granted Farmer Boys' motion and ruled the settlement was reached in good faith. The court found "[t]here [wa]s no basis of liability against [Farmer Boys]," having already granted Farmer Boys' summary judgment and entering judgment in their favor; that "[t]here [wa]s no evidence of collusion, fraud or tortious conduct"; and Farmers Boys "satisfactorily" demonstrated the settlement met the " 'reasonable range' test" under *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 499–500.

Gall subsequently stipulated to a dismissal with prejudice of her cross-complaint against Farmer Boys with an express reservation of her appeal rights to the dismissal of her cross-complaint. The court entered an order

4

dismissing Gall's cross-complaint against Farmer Boys. Gall did not file a petition for writ of mandate seeking review of the good faith settlement determination; instead, she filed a notice of appeal.

DISCUSSION

Farmer Boys move to dismiss Gall's appeal on two grounds. They first claim Gall has no standing to appeal the judgment for Farmer Boys against the Gonzalezes because she is not an aggrieved party under section 902. Relatedly, Farmer Boys assert the order of the court dismissing Gall's earlier appeal on the same grounds is " 'law of the case,' " barring relitigation of the issue. We need not address this contention because Gall does not assert she has standing to appeal the summary judgment order under section 902. Rather, Gall argues the order dismissing her cross-complaint against Farmer Boys is appealable, and as part of that appeal, section 906[3] allows her to seek review of the earlier judgment granting summary judgment for Farmer Boys against the Gonzalezes and the order finding a good faith settlement between Farmer Boys and the Gonzalezes. Farmer Boys' second contention is that Gall is barred from challenging the order granting the good faith settlement determination because she failed to file a petition for writ of mandate under section 877.6(e). On this point, we agree.

"When one of multiple tortfeasor defendants intends to settle a case before it is resolved against all defendants, the tortfeasor may petition the trial court for a determination that the settlement was made in good faith. [(§ 877.6.)] If the court makes such a determination, the other defendants are

---

[3] Section 906 provides, in relevant part, "Upon an appeal pursuant to [s]ection 904.1 or 904.2, the reviewing court may review the verdict or decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party[.]"

5

barred from obtaining contribution or indemnification from the settling tortfeasor based on the parties' comparative negligence or fault. (§ 877.6, subd. (c).)" (*Pacific Fertility Cases, supra,* 78 Cal.App.5th at pp. 572–573, review granted.[4]) The court's good faith determination is reviewable by writ of mandate under section 877.6(e), which provides that: "When a determination of the good faith or lack of good faith of a settlement is made, any party aggrieved by the determination *may* petition the proper court to review the determination by writ of mandate. The petition for writ of mandate *shall be* filed within 20 days after service of written notice of the determination, or within any additional time not exceeding 20 days as the trial court may allow." (Italics added.)

As the parties acknowledge, there is a split of authority on whether a petition for writ of mandate is the exclusive means of challenging an order approving or denying a good faith settlement under section 877.6. (See *Pacific Fertility Cases, supra,* 78 Cal.App.5th at pp. 574–575, review granted [discussing conflict among the Courts of Appeal].) In arguing for dismissal, Farmer Boys rely on *Pacific Fertility Cases,* as well as *Main Fiber Products, Inc. v. Morgan & Franz Ins. Agency* (1999) 73 Cal.App.4th 1130, which concluded " '[t]he determination of the good faith of a settlement may only be reviewed by a timely petition for writ of mandate.' " (*Pacific Fertility Cases,* at pp. 574–575, quoting *Housing Group v. Superior Court* (1994) 24 Cal.App.4th 549, 552.) Gall, on the other hand, relies on *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939 (*Cahill*) and argues that filing

4     Pursuant to the August 17, 2022 order granting review of *Pacific Fertility Cases* (S275134), "the opinion of the Court of Appeal, which is currently published at 78 Cal.App.5th 568, may be cited, not only for its persuasive value, but also for the limited purpose of establishing the existence of a conflict in authority" in the state's Courts of Appeal.

6

a petition for writ of mandate under section 877.6(e) is not required to appeal a good faith settlement determination. In *Cahill*, another panel of this court, relying on *Maryland Casualty Co. v. Andreini & Co.* (2000) 81 Cal.App.4th 1413 (*Maryland Casualty*), held that "a writ petition that 'may' be filed pursuant to section 877.6(e) is a *permissive*, not mandatory, means of challenging a good faith settlement determination, and the availability of writ review, or the summary denial of a writ petition, does not preclude an appeal after a final judgment." (*Cahill*, at pp. 955–956.)

Although the California Supreme Court will ultimately resolve this conflict, we find the reasoning in *Pacific Fertility Cases*, decided after *Cahill*, persuasive and follow its holding. The court in *Pacific Fertility Cases* concluded that, "[t]he use of 'may' [in section 877.6(e)] simply indicates that litigants have the expedited writ procedure available to them *should they wish to challenge* a trial court's good faith determination." (*Pacific Fertility Cases*, *supra*, 78 Cal.App.5th at p. 577, review granted.) It found section 877.6(e) to be "ambiguous with respect to the availability of review by appeal from a subsequent judgment" and reviewed the legislative history and underlying purposes of the statute to discern the Legislature's intent. (*Pacific Fertility Cases*, at p. 579.) After doing so, the court concluded the filing of a petition for writ of mandate is the exclusive means for obtaining appellate review of a trial court's good faith settlement determination. (*Id.* at pp. 580–581.) The court then examined the opposite line of authority, including *Maryland Casualty*, *supra*, 81 Cal.App.4th 1413, which allows "a subsequent appeal of a trial court's good faith settlement determination, at least when a writ petition had been filed and summarily denied." (*Id.* at p. 581.)

7

*Maryland Casualty*, *supra*, 81 Cal.App.4th 1413, focused on the legislative history for a predecessor bill that had been vetoed by the Governor. (*Pacific Fertility Cases*, *supra,* 78 Cal.App.5th at p. 582, review granted.) The *Pacific Fertility Cases* court found the legislative history discussed in *Maryland Casualty* to be unpersuasive because, among other things, it did "not mention postjudgment appeal as an alternative to the writ procedure the bill creates." (*Pacific Fertility Cases*, at pp. 583–584.) Ultimately, the *Pacific Fertility Cases* court stated, and we agree, "the obvious impracticality of requiring a settling defendant to continue to monitor or participate in further litigation, including a trial, based on a concern that the good faith of its settlement might be overturned on appeal from a later judgment, makes any other construction of section 877.6 antithetical to the legislation's purpose of providing swift and final settlements." (*Id.* at p. 585.)

Additionally, *Cahill*, *supra*, 194 Cal.App.4th 939, is inapposite because there the appellant had filed a petition for writ of mandate pursuant to section 877.6(e) prior to seeking appellate review. (*Cahill*, at p. 956 ["*Maryland Casualty's* detailed analysis of the legislative history of section 877.6(e) . . . persuades us the Legislature did *not* intend that statute to preclude postjudgment appeals of good faith settlement determinations where earlier writ petitions were summarily denied."]; see also*, Wilshire Ins. Co. v. Tuff Boy Holding, Inc.* (2001) 86 Cal.App.4th 627, 637 ["Wilshire sought timely writ review in this court. In these circumstances, we conclude the trial court's good faith settlement determination is subject to appellate review on appeal from the judgment"]; *Maryland Casualty*, *supra*, 81 Cal.App.4th at p. 1425, fn. 13 [describing the question presented as "whether a nonsettling party, having previously sought but failed to obtain a writ, can

challenge a determination of good faith on a postjudgment appeal"].)  Gall appealed without first filing a petition for writ of mandate.  Additionally, in *Cahill*, the matter had proceeded to final judgment.  (*Cahill*, at p. 945 and fn. 3.)  Accordingly, *Cahill* which permitted appellate review of a good faith settlement determination where the appellant had previously filed a petition for writ of mandate and after entry of a final judgment, does not undermine our determination that Gall may not appeal the good faith determination here.

We conclude that the statutory writ of mandate procedure set forth in of section 877.6(e) is the sole means of obtaining appellate review of the good faith determination.[5]  Because the trial court dismissed Gall's cross-complaint against Farmer Boys by operation of law based on the good faith settlement determination (§ 877.6, subd. (c)), her challenge to the order dismissing her cross-complaint necessarily fails.[6]  Moreover, Gall seeks

---

[5]    Although we have discretion to treat an improper direct appeal from a ruling on a good faith settlement motion as a petition for writ of mandate we decline to do so because there is no unusual circumstance or peculiarity that would justify exercising our discretion.  (*Oak Springs Villas Homeowners Assn. v. Advanced Truss Systems, Inc.* (2012) 206 Cal.App.4th 1304, 1309.)  Additionally, Gall's appeal was filed long after the 20 days in which to file a statutory writ under section 877.6(e) had expired.  Thus, we would have summarily denied a writ petition as untimely if it had been filed on the date she filed her notice of appeal.

[6]    In any event, Gall devoted only four brief paragraphs in a 40-page opening brief on appeal to supposedly discuss the merits of the trial court's order determining there was a good faith settlement.  And she argues only that the erroneous summary judgment order led directly to the trial court's orders granting the good faith settlement determination and dismissing her cross-complaint, and thus we must reverse all three orders.  Even assuming Gall's challenge to the good faith determination is reviewable on appeal, we

9

review of the earlier summary judgment ruling under section 906 solely as a means for challenging the good faith settlement determination and resulting dismissal of her cross-complaint.  Thus, even if the summary judgment ruling and judgment in favor of Farmer Boys on the Gonzalezes' complaint led to the good faith settlement determination and then the order dismissing Gall's cross-complaint, we lack jurisdiction to grant Gall the relief she seeks because she did not file a writ petition challenging the good faith determination.  Our affirmance of the order dismissing the cross-complaint on this independent ground renders it unnecessary for us to review the summary judgment order to determine if any error in that intermediate judgment requires reversal of the good faith settlement determination or the order dismissing Gall's cross complaint.  Thus, we decline to address this issue.

---

are compelled to agree with Farmer Boys that Gall has made no substantive legal arguments demonstrating error in the trial court's good faith settlement finding.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 ["[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment."].)

DISPOSITION

The appeal from the order granting Respondents' motion for good faith determination is dismissed. The order dismissing Appellant's cross-complaint against Respondents and the entry of judgment for Respondents on Plaintiffs' complaint are affirmed. Each side shall bear their own costs in this appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

DO, J.

WE CONCUR:

IRION, Acting P. J.

BUCHANAN, J.

11